**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY
(609) 989-2182

CHAMBERS OF
FREDA L. WOLFSON
UNITED STATES DISTRICT JUDGE

Clarkson S. Fisher Federal Building &
U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

**LETTER OPINION**

August 9, 2016

Dr. George Pieczenik
129 Kingwood Locktown Rd
Stockton, NJ 08559

Matthew D. Orsini, Esq.
Office Of The Attorney General
25 Market Street
Trenton, NJ 08625

Kristen D. Heinzerling, Esq.
Office Of The Attorney General
25 Market Street
Trenton, NJ 08625

      RE:    Pieczenik v. Martin, et al.
                Civil Action No.: 3:15-cv-7484 (FLW)(LHG)

Dear Litigants:

      This matter comes before the Court on a motion filed by Defendants Bob Martin and Barbara Baus, sued in their official capacities as Commissioner of the New Jersey Department of Environmental Protection ("NJDEP") and Section Chief of the Bureau of Coastal Land Use Compliance and Enforcement, respectively (collectively "Defendants"), seeking dismissal of the Complaint filed by *pro se* Plaintiff Dr. George Pieczenik ("Dr. Pieczenik" or "Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(1), based on a lack of standing under Article III of the United States Constitution. At base, this matter concerns whether Dr. Pieczenik has standing to challenge the Administrative Consent Order ("ACO") entered into between the NJDEP and Dr. Pieczenik's landlord, Anthony Plesh ("Plesh"). For the following reasons, Defendants' motion to dismiss is GRANTED and the Complaint is dismissed without prejudice. Dr. Pieczenik does not have standing to challenge the ACO because he is not a party to the ACO, and the NJDEP has expressly disavowed that any enforcement action will be taken against Dr. Pieczenik based on the provisions of the ACO. Dr. Pieczenik shall have ten (10) days from the date of this Opinion to file an Amended Complaint.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts relevant to the present motion are taken from the Complaint and the declarations attached to the Motion to Dismiss.[1] Because I write primarily for the parties, who are familiar with this matter, the Court will not recount or address in detail the various accusations leveled by Plaintiff in his opposition briefing, nor the procedural history underlying the instant matter.

Dr. Pieczenik is the tenant-in-possession of property located at 129 Kingwood Locktown Road, in Kingwood, New Jersey ("Property").  Compl. ¶¶ 2, 8.  The Property is owned by Plesh, who, in 2002, built the house on the Property, which Dr. Pieczenik rents.  *Id.* at ¶ 8; Supplemental Declaration of Barbara (dated January 4, 2016) [hereinafter "Baus Decl."] ¶¶ 4, 8, Ex. 2 at p. 1, ¶ 1.

On July 16, 2003, the NJDEP issued Plesh a Notice of Violation ("NOV"), based on NJDEP's position (which Dr. Pieczenik disputes) that portions of the Property constitute "freshwater wetlands" or "freshwater wetlands transition areas," and that, by developing the Property, Plesh violated the Freshwater Wetlands Protection Act ("FWPA"), N.J.S.A. 13:9B-1 to -30, and its regulations.  Baus Decl. ¶¶ 10.  On May 20, 2011, Plesh and the NJDEP settled the NOV by entering into an Administrative Consent Order ("ACO"), which became final on July 9, 2011.  Compl. ¶ 9; Baus Decl. ¶¶ 11-12; Ex. 1.  The ACO outlined a restoration plan that Plesh was required to implement "no later than September 30, 2011," granted the NJDEP the ability to assess penalties for non-compliance, and provided the NJDEP with an easement to protect wetlands on the Property.  *See* Baus Decl. at ¶¶ 11-17.  The parties do not dispute that Dr. Pieczenik was not a party to the ACO.

After follow-up inspections in 2014 and 2015, the NJDEP determined that Plesh had not complied with the ACO in various ways.  *Id.* at ¶¶ 18.  Of particular importance to this matter, the NJDEP noted that there was an area of manicured lawn grasses where there should have been restored wetlands.  *Id.*  In addition to following up with Plesh concerning these violations, the NJDEP also sent Dr. Pieczenik a letter, dated August 20, 2015, to inform him of the requirements imposed on the property by the FWPA and the provisions of the ACO.  *Id.* at ¶ 22; Ex. 3.  That letter stated, in relevant part:

> On July 9, 2011, an Administrative Consent Order (ACO) entered into by The State of New Jersey, Department of Environmental Protection (Department) and Mr. Anthony Plesh, the owner of the above referenced property, came into full force and effect. A copy of the ACO is attached for your information. As a renter, you may not be aware of the ACO, its requirements, and how they may affect your use of the property.
>
> . . . .

---

[1] Because this matter concerns a factual attack to the Court's subject-matter jurisdiction, I may consider documents outside of the pleadings.  *See Gould Electronics, Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

–2–

> It is the Department[']s understanding that although you do not own the property above, you are however responsible for the mowing and maintaining of the lawn areas. If mowing and maintenance activities continue within the regulated and protected areas, then a violation will occur.  If such a violation occurs, the Bureau may take legal action against you.

*Id.* at Ex. 3.

Dr. Pieczenik alleges that he demanded that this "order be vacated or, at the very least, that he be afforded a hearing to demonstrate that the [P]roperty is not 'wetlands' property," but that the NJDEP has refused to do so.  Compl. ¶¶ 15-16.  Dr. Pieczenik further alleges that there is "no administrative or judicial remedy available to Plaintiff to challenge the application of the ACO as to him or to obtain compensation for the regulatory taking of his rights in the property," but he has, nevertheless, "made demand upon the Commissioner [of the NJDEP] to rescind the order and grant him a hearing, but such relief has been refused."  *Id.* at ¶ 17.

On October 13, 2015, Plaintiff filed suit against Defendants in this Court, seeking a judgment "declaring the ACO to be void on its face as applied to Plaintiff, enjoining its enforcement against the Plaintiff without a proper hearing or payment of just compensation for the taking, together with such other and further relief as this Court may find just and proper."  *Id.* at at 5.  On January 4, 2016, Defendants filed the instant motion to dismiss.

## II.   DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(1), a court must grant a motion to dismiss if it lacks subject matter jurisdiction to hear a claim.  "A motion to dismiss for want of standing is also properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007).  The plaintiff must establish the elements of standing, "and 'each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.'"  *Id.* (quoting *FOCUS v. Allegheny Cnty. Court of Common Pleas*, 75 F.3d 834, 838 (3d Cir. 1996)); *see also McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006).

A Rule 12(b)(1) motion to dismiss is treated as either a "facial or factual challenge to the court's subject matter jurisdiction."  *Gould Electronics*, 220 F.3d at 176.  Under a facial attack, the movant challenges the legal sufficiency of the claim, and the court considers only "the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the plaintiff."  *Id.*  "A factual attack, on the other hand, is an argument that there is no subject matter because the facts of the case—and here, the [d]istrict [c]ourt may look beyond the pleadings to ascertain the facts—do not support the asserted jurisdiction." *Constitution Party v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).  The "trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and "the plaintiff will have the burden of proof that jurisdiction does in fact exist."  *Petruska v. Gannon Univ.*, 462

F.3d 294, 302 n.3 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)), *cert. denied*, 550 U.S. 903 (2007).

"In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3d Cir. 2003) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). "It is axiomatic that, in addition to those requirements imposed by statute, plaintiffs must also satisfy Article III of the Constitution." *Horvath v. Keystone Health Plan East, Inc.*, 333 F.3d 450, 455 (3d Cir. 2003) (citation omitted); *see generally Clapper v. Amnesty Int'l USA*, __ U.S. __, 133 S. Ct. 1138, 1146-47 (2013). "[T]he standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 244 (3d Cir. 2012) (quoting *Warth*, 422 U.S. at 498). As articulated by the Third Circuit, the requirements of Article III standing are as follows:

> (1) the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Storino*, 322 F.3d at 296 (quoting *Society Hill Towers Owners' Ass'n v. Rendell*, 210 F.3d 168, 175-176 (3d Cir. 2000)).

Applying the foregoing principles, this Court concludes that Plaintiff lacks standing to challenge the ACO for two reasons.

First, neither party disputes that Plaintiff is not a party to the ACO and, therefore, not bound by its terms. *See United States v. New Jersey*, 373 F. App'x. 216, 221-22 (3d Cir. 2010) (citing *Antonelli v. New Jersey*, 419 F.3d 267, 273 (3d Cir. 2005). The ACO expressly provides that it is intended to benefit only the signatories of the ACO, *i.e.*, the NJDEP and Mr. Plesh, and is binding only on those parties. *See* Baus Decl. Ex. 2, ¶¶ 32, 37.

Second, and more importantly, even if the ACO were binding on Plaintiff, or somehow

inured to his benefit, the NJDEP has given an "express assurance" that no enforcement action will be brought against Plaintiff pursuant to the ACO.  "In order to present a justiciable controversy in an action seeking a declaratory judgment to protect against a feared future event, the plaintiff must demonstrate that the probability of that future event occurring is real and substantial, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Salvation Army v. Department of Community Affairs*, 919 F.2d 183, 192 (3d Cir. 1990) (citations and internal quotation marks omitted).  "Moreover, this threat must remain 'real and immediate' throughout the course of the litigation. 'The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'"  *Id.* (quoting *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974)).  "Where an intervening event removes these conditions, the court must not address the now-speculative controversy."  *Id.*

Here, the NJDEP has expressly disavowed that it will take any enforcement action against Plaintiff under the ACO:

> The Department never intended, and does not intend, to hold the Plaintiff liable under the ACO as a tenant.  While the Department's position continues to be that Plaintiff violates the FWPA if he mows wetlands on the Property, and reserves the right to pursue any appropriate legal remedy to stop such violations, the State Employees did not try to hold [Plaintiff] liable under the ACO, and agree that they could not do so.  Such remedies, if any, would be based on Plaintiff's independent violations of the FWPA as a tenant on the Property.

Defs.' Br. at 6 (citations omitted); *see also id.* at 14-15.  "When a government body promises not to enforce a restriction against a plaintiff, or at all, there is no longer 'a substantial threat of real harm' because 'intervening events [have] remove[d] the possibility of harm.'"  *Tait v. City of Philadelphia*, 410 F. App'x. 506, 509 (3d Cir. 2011) (quoting *Presbytery of the Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454 (3d Cir. 1994)).  Since "the current record reflects not only the absence of a threat of enforcement but an express assurance that there will be no enforcement" of the provisions of the ACO against Plaintiff, there is no justiciable controversy.  *Salvation Army*, 919 F.2d at 192-93.  Indeed, the NJDEP would be estopped from enforcing the terms of the ACO against Plaintiff by the express assurances it has provided in these publicly-filed documents.

Accordingly, the Complaint is dismissed without prejudice.  Dr. Pieczenik does not have standing to challenge the ACO because he is not a party to the ACO, and the NJDEP has expressly disavowed that any enforcement action will be taken against Dr. Pieczenik based on the terms of the ACO.  In the event that Plaintiff wishes to challenge the NJDEP's threat of enforcement of the FWPA[2] – a state statute – rather than enforcement of the ACO, and can also establish federal

---

[2] Although Plaintiff's Complaint seeks only relief from the ACO, a review of his arguments in opposition to the motion to dismiss indicates that Plaintiff may be attempting to challenge the NJDEP's potential enforcement of the FWPA against him for mowing his landlord's lawn.  *See Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation omitted).  As noted above, in contrast to the ACO, the NJDEP has expressly

subject matter jurisdiction for such a claim, he shall have ten (10) days from the date of this Opinion to file an Amended Complaint.   An appropriate Order will follow.

          Sincerely yours,

           /s/ Freda L. Wolfson
          FREDA L. WOLFSON

          United States District Judge

---

"reserve[d] the right to pursue any appropriate legal remedy" against Plaintiff under the FWPA should he continue to mow the lawn.   Defs.' Br. at 6.